**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Enlightened Armadillo Incorporated, *et al.*, | No. CV-25-02663-PHX-JJT |
| Plaintiffs, | **ORDER** |
| v. | |
| Lance Freeman, | |
| Defendant. | |

At issue is Defendant Lance Freeman's Motion to Dismiss (Doc. 22), to which Plaintiffs Enlightened Armadillo, Inc., Mark and Ella Hrubant, and Snug Holding Company LLC responded (Doc. 24), and Defendant replied (Doc. 26). For the reasons below, the Court will order the parties to submit simultaneous briefing to address the questions raised herein.

Defendant, an Arizona resident, served as the President of Franchise Development of a company that owned Yoga Six Franchise, LLC ("Yoga Six") (Doc. 19, FAC, ¶¶ 4, 29). Plaintiffs separately purchased a Yoga Six franchise and each entered into a Yoga Six Franchise Agreement ("Agreement"). (*Id*. ¶¶ 9, 64.) According to Plaintiffs, Defendant made "serious misrepresentations" about the Yoga Six brand to induce them into purchasing their respective franchises, including average monthly profit, membership quantity and retention, and success of other Yoga Six franchises. (*Id*. ¶¶ 10–11, 14–16, 53–55.) Plaintiffs experienced delays in opening the franchise studios, membership attrition, and significant monthly losses after opening. (*Id*. ¶¶ 65–83.) Plaintiffs have since closed

their franchises. (*Id.* ¶¶ 11, 21.) Plaintiffs now sue Defendant and bring this action under the Court's diversity jurisdiction. They raise nine claims in total, which Defendant now moves to dismiss. In briefing Defendant's Motion to Dismiss, both parties cite an assortment of statutes, case law, and public policy from the States of California and Arizona, including statutes of limitation, preemption doctrine, nexus requirements, and contractual waiver.

The Court is not convinced that California law applies to the same extent that the parties are. When, as here, the Court has jurisdiction based on the diversity of the parties, it must apply Arizona's conflict of law rules to decide which state's law should govern the issues raised in the case. *See Klaxon Co. v. Stentor Electric Mfg. Co.*, 313 U.S. 487, 496 (1941). Arizona has adopted the conflict of law rules of the Restatement (Second) of Conflict of Laws ("Restatement"). *Bryant v. Silverman*, 703 P.2d 1190, 1191 (Ariz. 1985). A conflict of law determination must take place on an issue-by-issue or claim-by-claim basis and consider whether each claim or issue sounds in tort, in contract, or otherwise. *See, e.g.*, Restatement § 187(1) (requiring analysis by "particular issue"). The parties have not grappled with this analysis at all.

As a separate matter, Defendant strongly relies on Section 17.6 of the Agreements to argue that Plaintiffs waived their right to sue him for claims arising from the sale of the franchises. Defendant omits[1] a portion of Section 17.6 from his argument that states:

> . . . [T]o the maximum extent permitted by law, each Contracting Party hereby waives and releases all such liabilities, claims, causes of action, and obligations against any such Nonparty Affiliates, **unless such liabilities, claims, causes of action, and obligations arise from deliberately fraudulent acts**.

---

[1] Neither the laws of California nor Arizona support Defendant's parsing of Section 17.6. *See* Cal. Civ. Code § 1641 ("The whole of a contract is to be taken together, so as to give effect to every part, if reasonably practicable, each clause helping to interpret the other."); *Miller Cattle Co. v. Mattice*, 298 P. 640, 642–43 (Ariz. 1931) ("[A] particular clause in a contract cannot be interpreted as if it stood by itself, but the court must take into consideration the entire contract.").

(Doc. 23-3, § 17.6 (emphasis added).) Based on the briefing before the Court, it is unclear the extent to which the language of Section 17.6 in its entirety—not just the portions cited by Defendant—applies to Plaintiffs' claims should the Court agree with Defendant that the section should be enforced against Plaintiffs.

The parties shall simultaneously file a memorandum answering the following questions:

1. Under the Restatement, do the claims or issues brought by Plaintiffs in their First Amended Complaint sound in contract, in tort, a combination thereof, or otherwise? As the Court must do, the parties shall address this question for each claim or issue.
2. Under the Restatement, which State's law controls each of Plaintiffs' claims or issues raised in their First Amended Complaint? As the Court must do, the parties shall address this question for each claim or issue.
3. After applying contractual interpretation if and where necessary, what effect does the *entirety* of Section 17.6 have on Plaintiffs' ability to sue Defendant on the claims or issues raised in their First Amended Complaint?

The parties' respective memoranda may not exceed eleven pages and shall be submitted between 4:30 p.m. and 5:00 p.m. (Arizona time) on December 29, 2025. No responses are permitted.

**IT IS ORDERED** that each party shall submit a memorandum answering the questions set forth above between **4:30 p.m. and 5:00 p.m. (Arizona time) on December 29, 2025**. No responses are permitted.

Dated this 16th day of December, 2025.

Honorable John J. Tuchi
United States District Judge